UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PRINCESA CANDELITA         :
KEBECHET EL,
      Plaintiff         :   CIVIL ACTION NO. 3:21-2093

    v.                :       (JUDGE MANNION)

CYRIL HIGGINS, *et al*.,    :

      Defendants        :

## O R D E R

Pending before the court is the December 15, 2021 report of Magistrate Judge Martin C. Carlson, (Doc. 7), which denies the motion to proceed *in forma pauperis*, (Doc. 2), and recommends that the court dismiss, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), the *pro se* complaint filed plaintiff Princesa Candelita Kebechet El, (Doc. 1), for failure to state a cognizable claim, for failing to comply with Fed.R.Civ.P. 8, and due to immunity precluding some of his claims, namely, 11th Amendment immunity and judicial immunity. After being granted an extension of time, on January 11, 2022, the plaintiff filed objections to the report, (Doc. 10), and on January 17, 2022, he filed a nonsensical so-called "International Affidavit", claiming to be a "Citizen of Al Moroccan Empire", in response to the report, (Doc. 11). The

report also finds that the complaint should be dismissed with prejudice since it would be futile to allow the plaintiff leave to amend. Upon review, the report of Judge Carlson will be adopted in its entirety and plaintiff's patently frivolous complaint will be dismissed with prejudice.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or

not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.[1]

To summarize the background of his complaint in the plaintiff's own words, (Doc. 11 at 1), he avers that:

> "Plaintiff's assertion of some unique legal status as "a Muur and natural person, in full life, in propria persona, exercising all Divine Rights at this time and at all points in time. Citing the 1836 Treaty of Friendship between the United States and Morocco, Kebechet El, who describes himself as "an Autonomous inhabitant to the Pokawachne territory of the Lenape; corporately know as Tobyhanna of the Commonwealth of Pennsylvania," (id. at 8), then enigmatically asserts that these officials may not visit his children, who are apparently being home schooled by the plaintiff. On the basis of these averments, Kebechet El then demands that he receive either $3,910,603.79 in cash or $2,612,000 in gold bullion from the defendants.

---

[1] Since the report states the background of this case and the correct legal standards as well as the correct case law regarding the analysis of the plaintiff's claims, they will not be repeated herein. *See also* In re Keyes, 344 F. Supp. 3d 803, 2018 WL 5793157 (E.D. Pa. Nov. 2, 2018).

Also, since the report lists the past frivolous filings of plaintiff Kebechet El, who is a frequent *pro se* filer in this court, the court forewarns the plaintiff that if he continues to file frivolous actions, it will issue a show cause order as to why a pre-filing injunction should not be issued barring him from filing any new complaint in which he seeks to proceed *in forma pauperis*. *See* In re Keyes, 344 F.Supp.3d at 813 (the court required Keyes to show cause as to why she should not be enjoyed from filing any more civil, *in forma pauperis*, non-*habeas* cases) (citing Abdul-Akbar v. Watson, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process.").

- 3 -

No doubt that a complaint is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). The report provides a thorough analysis regarding the meritless allegations and frivolous claims raised by the plaintiff, and correctly explains why they should all be dismissed.

The report also finds that various immunities prevent the plaintiff from pursing some of his claims. Further, the report correctly recognizes that although plaintiff is *pro se*, and his allegations are construed liberally *see* Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), he should not be granted leave to amend his complaint. The court adopts all of the report's thorough analysis and will not repeat it.

The court finds no clear error of record with regard to Judge Carlson's findings regarding the plaintiff's complaint, and the court agrees with the sound reasoning that led Judge Carlson to the conclusions in his report. As such, the court will adopt the report of Judge Carlson, in its entirety, as the decision of the court.

In light of the foregoing, **IT IS HEREBY ORDERED THAT:**

**(1)** The plaintiff's objections to the report and recommendation of Judge Carlson, **(Doc. 10)**, are **OVERRULED**.

**(2)** The report and recommendation of Judge Carlson, **(Doc. 7)**, is **ADOPTED IN ITS ENTIRETY**, as the ruling of the court.

**(3)** The plaintiff's complaint, **(Doc. 1)**, is **DISMISSED WITH PREJUDICE**.

**(4)** The clerk of court is directed to **CLOSE** this case.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 25, 2022**
21-2093-02